UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

———————————————————————

John Nesse and Tim Mackey as Trustees of the Minnesota Laborers Health and Welfare Fund, Tim Mackey and John Nesse as Trustees of the Minnesota Laborers Pension Fund, Tammy Braastad and Tim Mackey as Trustees of the Minnesota Laborers Vacation Fund, Fred Chase and Joe Fowler as Trustees of the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, Mark Ryan and Dave Borst as Trustees of the Minnesota Laborers Employers Cooperation and Education Trust, the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust,

    Plaintiffs,

vs.

Viita's Excavating Inc.,

    Defendant.

———————————————————————

Case No. _____

**COMPLAINT**

Plaintiffs, as their Complaint against the Defendant, state and allege as follows:

**IDENTITY OF PARTIES, JURISDICTION, VENUE**

1.    Plaintiffs are Trustees of the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and

1

North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust ("Funds").

2. The Funds are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to § 302(c)(5) of the Labor Relations Management Act of 1974 ("LMRA"), as amended, 29 U.S.C § 186(c)(5).  The Funds are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended 29 U.S.C. § 1001, et seq.  The Funds are exempt from federal income taxation pursuant to the Internal Revenue Code.

3. Defendant Viita's Excavating, Inc. ("Viita's Excavating") is a Minnesota business corporation with a registered address of 10520 Buboltz Road, Cook, Minnesota 55723.  Viita's Excavating is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

4. This is an action by the Funds' Trustees as fiduciaries to collect unpaid fringe benefit contribution payments.  Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(f), 29 U.S.C. § 1132(f), ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 515, 29 U.S.C. § 1145.  Subject matter jurisdiction is also conferred by LMRA § 301, 29 U.S.C. § 185 and the federal common law developed thereunder.

5. The Funds are administered in Dakota County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

**FACTS**

6. The Funds re-allege and incorporate by reference paragraphs 1-5 herein.

7. Viita's Excavating is bound to the terms of a collective bargaining agreement negotiated between the Northern Minnesota Contractors Asssociation and the Laborers' District Council of Minnesota and North Dakota on behalf of its affiliated local Unions with a term of May 5, 2014 through April 30, 2017 ("CBA").

8. The CBA provides that Viita's Excavating is bound to the Trust Agreement for each of the following: the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust.

9. The CBA requires Viita's Excavating to maintain adequate records to identify the type of work being performed by its Employees to allow the Funds to determine whether the Employer is accurately reporting hours to the Funds including contemporaneously accurate documentation showing what employees performed what CBA-covered work on what projects for what hours on what given date, *i.e.*, the information typically maintained on timecards.

10. Independent of the CBAs, 29 U.S.C. § 1059 requires employers such as Viita's Excavating to maintain and preserve contemporaneously accurate documentation showing what employees performed what CBA-covered work on what projects for what hours on what given date.

11. The CBA requires Viita's Excavating to contribute every month, not later than the 15th day of the following month, contributions to the Funds in an amount set forth in the CBA for each hour worked by employees covered by the CBA.

12. The CBA requires Viita's Excavating to accurately report and calculate the contributions due and owing in any given month to the Funds on a remittance report form which must be submitted with Viita's Excavating's monthly payment to the Funds.

13. The CBA states that Viita's Excavating shall be considered delinquent for a particular month if the required report and payment are not postmarked on or before the 15th day of the following month.

14. The CBA further requires Viita's Excavating to promptly furnish to the Trustees of the Funds or their authorized agents on demand federal forms W2s and W3s, federal quarterly 941 forms, federal forms 1099s and 1096s, Minnesota Unemployment Quarterly Reports (MUTAs or MN UCs) or such similar state required quarterly reports, time cards, payroll and check registers and any other relevant information that may be required in connection with the administration of the Funds.

15. The CBA states that if Viita's Excavating fails or refuses to furnish any of its records to the Trustees of the Funds or their authorized agents upon demand or refuse to afford the Trustees of the Funds or their authorized agents reasonable opportunity to examine the same in accordance with standard auditing procedures, the Trustees of the Fund may enforce such right by legal action, in which event all attorney fees, services fees, filing fees, court reporter fees, and other legal costs and disbursements, as well as the auditing fees and costs incurred in conducting the audit shall be paid by Viita's Excavating.

16.	If Viita's Excavating fails to maintain satisfactory records from which the type of work being performed by an individual may reasonably be determined, Viita's Excavating is liable for all of the hours worked by that individual for whom Viita's Excavating is unable to produce satisfactory records verifying the type of work being performed by that individual.

17.	The CBA prohibits Viita's Excavating from subcontracting any work covered by the CBA to any person, firm, or corporation which is not in a contractual relationship with the Laborers International Union of North America or any its affiliated Local Unions.

18.	The CBA states that if Viita's Excavating becomes delinquent, Viita's Excavating shall be required to pay as liquidated damages an amount equal to 10% of the payment otherwise due.

19.	The CBA states that if Viita's Excavating becomes delinquent, Viita's Excavating shall be required to pay interest on all delinquent contributions at the rate prescribed by the Trustees of the Funds in the Trust Agreements.

20.	The CBA states that delinquent employers shall be required to pay all costs of collection actually incurred by the Funds, including all attorneys' fees, service fees, filing fees, court reporter fees, and all other fees, costs, disbursements incurred by or on behalf of the Funds in collecting amounts due.

**COUNT I**
**BREACH OF CONTRACT/AUDIT AMOUNT DUE**

21.	The Funds re-allege and incorporate by reference paragraphs 1-20 herein.

22.	The Funds' authorized agent requested that Viita's Excavating produce a complete set of payroll and employment records as specified in the CBA and Trust

Agreements for the period of January 1, 2015 through December 31, 2016 ("Audit Period").

23. Viita's Excavating produced its payroll and employment records for the Audit Period and the Funds' authorized agent determined there were hours worked by Viita's Excavating's employees covered by the CBA for which Viita's Excavating did not submit contributions to the Funds.

24. The Funds' authorized agent prepared an audit invoice setting forth the amounts due to the Funds for unpaid contributions for the Audit Period and determined that $2,304.53 is due and owing for delinquent contributions.

25. Viita's Excavating breached the terms of the CBA and Trust Agreements by failing to pay the amount due for delinquent contributions for the Audit Period.

26. Viita's Excavating is liable to the Funds for the CBA-obligated fringe benefit amounts for all hours worked by all of their employees for whom Viita's Excavating is unable to produce satisfactory records verifying the type of work performed by any such individuals.

27. Pursuant to the CBA, Viita's Excavating is liable to the Funds for all attorney fees, service fees, filing fees, court reporter fees and other legal costs and disbursements, as well as the auditing fees and costs incurred in conducting such audit.

28. Viita's Excavating is liable to the Funds for liquidated damages and interest charges on the unpaid contributions for the Audit Period pursuant to the CBA.

## COUNT II
## ERISA DAMAGES

29. The Funds re-allege and incorporate by reference paragraphs 1-28 herein.

30. The Funds are entitled to liquidated damages or double interest charges on any amounts found to be due and owing under ERISA § 502(g), 29 U.S.C. § 1132(g).

31. The Funds are entitled to attorneys' fees and costs incurred in this action under ERISA § 502, 29 U.S.C. § 1132.

32. The Funds are entitled to interest under ERISA § 502, 29 U.S.C. § 1132.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment of this Court against Defendant Viita's Excavating, Inc., as follows:

1. For judgment in the amount of $2,304.53 for unpaid contributions for the Audit Period.

2. For an award of liquidated damages and interest charges or double interest charges on all unpaid contributions.

3. For an award of costs, disbursements and attorneys' fees according to law.

4. Such other and future relief as the Court deems just, equitable or proper.

Date: July 13, 2018    MCGRANN SHEA CARNIVAL
STRAUGHN & LAMB, CHARTERED

By:    s/ Amy L. Court
   Carl S. Wosmek (Atty. No. 300731)
   Amy L. Court (Atty. No. 319004)
   Christy E. Lawrie (Atty. No. 388832)
800 Nicollet Mall, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 338-2525
csw@mcgrannshea.com
alc@mcgrannshea.com
cel@mcgrannshea.com

*Attorney for Plaintiffs*